**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Billy Lee Lisenby, Jr., Appellant,

v.

South Carolina Department of Corrections, Respondent.

Appellate Case No. 2013-000852

Appeal From The Administrative Law Court
Deborah Brooks Durden, Administrative Law Judge

Unpublished Opinion No. 2015-UP-240
Submitted February 1, 2015 – Filed May 6, 2015

**AFFIRMED**

Billy Lee Lisenby, Jr., pro se.

Christopher D. Florian, of the South Carolina Department
of Corrections, of Columbia, for Respondent.

**PER CURIAM:** Billy Lee Lisenby, Jr., appeals his convictions for trafficking, use, or possession of marijuana and possession of a cell phone, arguing the administrative law court (ALC) erred in ruling (1) the South Carolina Department of Corrections (the Department) provided him with constitutionally sufficient due

process, and (2) the Department's decision was supported by substantial evidence. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the Department provided Lisenby with constitutionally sufficient due process: S.C. Code Ann. § 1-23-610(B) (Supp. 2014) (providing this court may reverse a decision of the ALC if the decision is in violation of constitutional provisions, affected by an error of law, or arbitrary or characterized by an abuse of discretion); *Al-Shabazz v. State*, 338 S.C. 354, 371, 527 S.E.2d 742, 751 (2000) ("[D]ue process in a prison disciplinary proceeding involving serious misconduct requires: (1) that advance written notice of the charge be given to the inmate at least twenty-four hours before the hearing; (2) that factfinders must prepare a written statement of the evidence relied on and reasons for the disciplinary action; (3) that the inmate should be allowed to call witnesses and present documentary evidence, provided there is no undue hazard to institutional safety or correctional goals; (4) that counsel substitute (a fellow inmate or a prison employee) should be allowed to help illiterate inmates or in complex cases an inmate cannot handle alone; and (5) that the persons hearing the matter, who may be prison officials or employees, must be impartial." (citing *Wolff v. McDonnell*, 418 U.S. 539, 563-72 (1974))); *Ponte v. Real*, 471 U.S. 491, 497 (1985) (providing although prison officials may be required to explain their reasoning for refusing to call witnesses, they may choose to explain at a later proceeding if their decision is challenged by the inmate).

2. As to whether the Department's decision was supported by substantial evidence: S.C. Code Ann. § 1-23-610(B)(e) (Supp. 2014) (providing this court may reverse the decision of the ALC if it is unsupported by substantial evidence); *Barton v. S.C. Dep't of Prob. Parole & Pardon Servs.*, 404 S.C. 395, 401, 745 S.E.2d 110, 113 (2013) ("In determining whether the ALC's decision was supported by substantial evidence, this [c]ourt need only find, looking at the entire record on appeal, evidence from which reasonable minds could reach the same conclusion that the ALC reached.").

**AFFIRMED.**[1]

**SHORT, LOCKEMY, and McDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.